IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATASHA LEAK,

        Plaintiff,

v.                                            Case No. 21-2024-JWB

DANIEL GOMEZ,

        Defendant.

**MEMORANDUM AND ORDER**

This case is before the court on the following: Defendant's motion to dismiss for failure to state a claim (Doc. 5); Plaintiff's motion for summary judgment (Doc. 9); Defendant's response to the court's order to show cause (Doc. 14); and Defendant's motion to dismiss for lack of jurisdiction (Doc. 15). The court has considered the various briefs filed by the parties. (Docs. 6, 9, 11, 12, 16.) Plaintiff has not responded to Defendant's motion to dismiss for lack of jurisdiction (Doc. 15) and the time for doing so has expired. For the reasons stated herein, Defendant's motion to dismiss for lack of jurisdiction (Doc. 15) is GRANTED.

**I. Background**

Plaintiff initiated this suit in Johnson County District Court by filing a petition for protection from stalking under K.S.A. 60-31a01 on December 21, 2020. (Doc. 1-1.) The allegations relate to Plaintiff's employment with the United States Postal Service and to supervision of her work by Defendant Daniel Gomez. (Doc. 1-1 at 3-4.) The petition alleged that Defendant's actions during two workplace disputes amounted to stalking under Kansas law and it

requested an order restraining Defendant from communicating with Plaintiff or having contact with her. (*Id.* at 7.)

On January 15, 2021, Defendant filed a notice of removal, citing 28 U.S.C. § 1442, and asserting that the United States had the right to remove the action "on behalf of Danial Gomez, a federal employee for the United States Postal Service…." (Doc. 1 at 1.) Defendant then filed a motion to dismiss that argued the petition failed to state a claim for relief under Kansas law. (Docs. 5, 6.) Plaintiff responded by filing a motion for summary judgment, which argued against dismissal. (Doc. 9.) Defendant filed a response to the latter motion, and Plaintiff filed a reply. (Docs. 11, 12.)

On May 14, 2021, the court ordered Defendant to show cause why the action should not be remanded to state court. (Doc. 13.) The court noted that the federal officer removal statute, 28 U.S.C. § 1442(a)(1), requires a showing of a colorable federal defense to establish federal subject matter jurisdiction. The court observed that although Defendant might have a federal defense of sovereign immunity under the allegations in the petition, the notice of removal did not allege any federal defense. The court allowed Defendant ten days to supplement the notice of removal to show federal jurisdiction. (*Id.* at 3.) Defendant responded within the time allotted and alleged federal defenses of sovereign immunity and federal preemption. (Doc. 14 at 2.)

On June 1, 2021, Defendant filed a motion to dismiss for lack of jurisdiction, which argues jurisdiction is lacking because Plaintiff's suit is against a government officer in his official capacity, which is in essence a suit against the United States, and the United States has not waived its sovereign immunity (Doc. 16 at 5.) Plaintiff has not filed a response to the motion to dismiss for lack of jurisdiction and the time for doing so has now expired.

**II. Legal Standards**

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal citations omitted). If the motion challenges the sufficiency of the complaint's jurisdictional allegations, the court must accept all such allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If there is a challenge to the actual facts, the court has discretion to allow affidavits and other documents to resolve disputed facts. *Id.* at 1003. See *Cochran v. City of Wichita,* No. 18-1007-JWB, 2018 WL 3772681, at *2 (D. Kan. Aug. 9, 2018).

**III. Analysis**

A. <u>Removal</u>. Section 1442 provides in part for removal by federal defendants "sued in an official or individual capacity for any act under color of [their] office." *Pretlow v. Garrison*, 420 F. App'x 798, 800 (10th Cir. 2011) (quoting 28 U.S.C. § 1442(a)(1)). Additionally, removal under this provision "must be predicated on the allegation of a colorable federal defense." *Id.* (quoting *Mesa v. California*, 489 U.S. 121, 129 (1989)).

The court determines that removal of this action was proper. The basic purpose of federal officer removal is to protect the federal government from interference with its operations by state court proceedings. *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 150 (2007). Toward that end, the statute provides federal officers a federal forum in which to litigate the merits of immunity defenses when they can demonstrate a colorable federal defense. *Id.* (citing *Jefferson Cty. v. Acker,* 527 U.S. 423, 447 (1999)); *Mesa,* 489 U.S. at 967. The petition in this case was based on acts by Defendant under color of his federal office as a supervisor with the United States Postal Service.

3

It cited two workplace disputes – one in which Defendant allegedly yelled at Plaintiff for being late and another in which Defendant allegedly got angry and pushed a door against Plaintiff in the course of an argument about scheduling vacation – and sought equitable relief for Defendant's allegedly improper manner of supervision. (Doc. 1-1 at 3-4.) Defendant now alleges a colorable federal defense of sovereign immunity or preemption with respect to the allegations. (Doc. 14 at 2.) Defendant has thus shown that removal was proper.

B. Sovereign Immunity.

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "A suit against a government officer in his official capacity is really 'a suit against the official's office,' and so officers acting within their authority generally also receive sovereign immunity." *Hendy v. Bello,* 555 F. App'x 224, 226 (4th Cir. 2014) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Federal courts do not have subject matter jurisdiction over claims that are barred by sovereign immunity. *Garling v. U.S. Envtl. Prot. Agency*, 849 F.3d 1289, 1294 (10th Cir. 2017).

The petition itself, as well as Defendant's uncontested allegations, show that Defendant is entitled to the defense of sovereign immunity. The challenged acts were taken by Defendant under color of his office as a supervisor for the United States Postal Service, an agency of the federal government. Plaintiff has not alleged or shown any possible basis for a waiver of sovereign immunity, such as the Federal Tort Claims Act (28 U.S.C. § 2671 et seq.), which does not apply to claims for equitable relief, or the Postal Reorganization Act of 1970 (39 U.S.C. § 101 et seq.), which does not waive immunity for suits that interfere with governmental functions. *Hendy,* 555

4

F. App'x at 226 (finding sovereign immunity applied where postal employee sought injunction to keep her postal supervisor from coming to her workplace). Insofar as other potential bases for a statutory waiver of sovereign immunity are concerned, such as Title VII or the Civil Service Reform Act, Plaintiff has made no allegation that she exhausted administrative remedies under such acts or is otherwise entitled to assert such claims. Accordingly, the court lacks jurisdiction over the matter and the action must be dismissed. *See Duckworth v. Owens*, No. 4:20CV57 JCH, 2020 WL 3064206, at *2 (E.D. Mo. June 8, 2020) (dismissing postal employee stalking claim against supervisor based on sovereign immunity and citing other cases reaching the same result).

### IV. Conclusion

Defendant's initial motion to dismiss (Doc. 5) and Plaintiff's motion for summary judgment (Doc. 9) are DENIED AS MOOT. Defendant's motion to dismiss for lack of jurisdiction (Doc. 15) is GRANTED. The action is hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. IT IS SO ORDERED this 20th day of July, 2021.

                                                                  s/ John W. Broomes
                                                          JOHN W. BROOMES
                                                          UNITED STATES DISTRICT JUDGE